1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SAMUEL LATU,                           No.  2:20-CV-1518-WBS-DMC-P

12                 Plaintiff,

13        v.                                 <u>ORDER</u>

14   R. McFADDEN, et al.,

15                 Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                              1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7  ## I.  PLAINTIFF'S ALLEGATIONS

8  Plaintiff names the following as defendants: (1) R. McFadden, Correctional

9  Counselor at Mule Creek State Prison; and (2) B. Holmes, Chief Deputy Warden at Mule Creek

10  State Prison.  See ECF No. 1, pg. 2.  Plaintiff states:

11  Plaintiff Samuel Latu is a protected class of prisoner and as such
    has a right to the protections of said class under the agreement he signed
12  with the CDCR.  Plaintiff signed a long list of agreements as well as an
    agreement to be placed in a protective custody setting.  Now, due to the
13  CDCRs need to force prisoners into "non-designated housing," plaintiff is
    being made to house with prisoners well known to assault "P.C. inmates"
14  as well as anyone with any type of sexual offense.  Plaintiff opposes said
    housing and seeks relief from this court so as to not be put in a knowingly
15  dangerous situation.

16  Id. at 3.

17  Plaintiff states he was convicted of a "sexual offense."  Id. at 4.  The complaint does not contain

18  any allegations specific to either named defendant.

19

20  ## II.  DISCUSSION

21  The Court finds Plaintiff's complaint to be defective because he has failed to

22  allege a link between any named defendant and an alleged constitutional violation.  To state a

23  claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the

24  actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social

25  Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another

26  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

27  act, participates in another's affirmative acts, or omits to perform an act which he is legally

28  required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588

2

F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff will be provided an opportunity to amend in order to set forth factual allegations specific to Defendants McFadden and Holmes.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

3

1         Finally, Plaintiff is warned that failure to file an amended complaint within the

2 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

3 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

4 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

5 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6         Accordingly, IT IS HEREBY ORDERED that:

7        1.     Plaintiff's complaint is dismissed with leave to amend; and

8        2.     Plaintiff shall file a first amended complaint within 30 days of the date of

9 service of this order.

10

11

12 Dated:  November 23, 2020

13 _____

14 DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4