IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LATU,<br><br>    Plaintiff,<br><br>    v.<br><br>R. McFADDEN, et al.,<br><br>    Defendants. | No.  2:20-CV-1518-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for injunctive relief, ECF No. 3.

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The court cannot, however, issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

>   Plaintiff's motion, in its entirety, reads as follows:

> Enclosed for this court's review is the third level reply from Sacramento CDCR headquarteres [sic] stating the second level in-house response acts as the "department's decision."  Upon review of this document – in mate appeal – this court will see that the CDCR received plaintiff's reply to the institutional level on 9/19/19.
> On 8/13/19 the institution mailed plaintiff his response which arrived some two weeks later after it was dated.  Plaintiff mailed his request for third level reply to Sacramento on 9/12/20.  Being that there is no weekend mail in prison, plaintiff's appeal arrived in Sacramento on 9/18/19 as date stamped by them.  The CDCR is trying to claim "time constraints" as a reason to refuse to exhaust plaintiff's administrative remedies.  Federal law, their own dating system, and plaintiff's documents prevents [sic] them from using time constraints as an excuse not to answer an appeal.
> September 12, 2019, was a Thursday.  On Friday the 13th, no mail leaves the buildings.  Nor does mail leave the buildings on September 14th or 15th as these were weekends.  All of this being said, the law is still on plaintiff's side in this matter.
> Once the plaintiff has given the department its chance to review an important issue that regards the prisoner's safety and the department does not act on the matter, the matter is now out of their hands.
> Plaintiff swears to the following statements herein under the penalty of perjury and the laws of the United States of America.  If called to testify to these facts, plaintiff would do so truthfully and competently.  The plaintiff had thirty days to file his third level appeal to Sacramento and he did so as the evidence attests to.  Plaintiff is entitled to the mailbox rule as well as the ruling in Sapp v. Kimbrel 9th Circuit.

ECF No. 3.

No documents are attached to Plaintiff's motion.

>   The Court finds injunctive relief is not warranted for several reasons.  First, it is not clear what relief Plaintiff seeks.  Second, Plaintiff does not seek relief as to any specific individual, let alone individuals who are parties to the action.  Third, Plaintiff has not indicated how he will be likely to suffer irreparable harm absent court intervention.

1 It appears that Plaintiff is concerned with the handling of his inmate grievances
2 and, in particular, the timeliness of his third level appeal.  It further appears that Plaintiff is
3 seeking some kind of judicial determination that his third level appeal was timely.  Exhaustion of
4 administrative remedies is an affirmative defense and, because it has not yet been raised by any
5 defendant to this action, consideration of issues related to exhaustion would be premature.
6 Should any defendant argue failure to exhaust in response to this action, Plaintiff will have an
7 opportunity to raise arguments related to timeliness of his appeals.

8 Based on the foregoing, the undersigned recommends that Plaintiff's motion for
9 injunctive relief, ECF No. 3, be denied.

10 These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
12 after being served with these findings and recommendations, any party may file written objections
13 with the Court.  Responses to objections shall be filed within 14 days after service of objections.
14 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
15 Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 Dated:  November 23, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3