IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LATU,<br><br>    Plaintiff,<br><br>    v.<br><br>R. McFADDEN, et al.,<br><br>    Defendants. | No. 2:20-CV-1518-WBS-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 21.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) R. McFadden, Correctional Counselor at Mule Creek State Prison; and (2) B. Holmes, Chief Deputy Warden at Mule Creek State Prison.  See ECF No. 21, pg. 2.  Plaintiff alleges two claims for relief.

In Claim I, Plaintiff alleges violation of the Eighth Amendment.  See id. at 7.  Plaintiff asserts that Defendant McFadden, a member of the prison classification committee charged with inmate placement, ordered Plaintiff placed in the general population despite Plaintiff's objection that such placement would constitute a safety risk.  See id.  As to the nature of the alleged safety risk, Plaintiff states that, prior to being placed in the general population, he had been housed in protective custody because he is a sex offender.  See id. at 7-8.  Plaintiff claims both named defendants are aware of Plaintiff's conviction offense and the need for protective custody.  See id. at 8.

In Claim II, Plaintiff alleges interference with his access to the courts by way of improperly processing his inmate grievances.  See id. at 9.  Plaintiff does not link this claim to either named defendant.  Notably, and somewhat inconsistently with this claim, Plaintiff alleges elsewhere in the complaint that he was able to complete the administrative exhaustion process as to both claims.  See id. at 3, 4.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.  DISCUSSION

The Court finds both of Plaintiff's claims to be defective, as discussed below.

### A.  Claim I -- Safety

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the

1 plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually
2 knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,
3 even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

4       Plaintiff has failed to allege facts to establish the objective element of a safety
5 claim.  Specifically, while Plaintiff alleges a hypothetical danger of being a sex offender housed
6 in the general population, he has not alleged facts to show that his commitment offense is known
7 in the general population such that a safety risk would arise from such a placement.  Further,
8 Plaintiff has not alleged facts to meet the subjective element because, absent knowledge by
9 inmates in the general population of Plaintiff's commitment offense, it cannot be said that
10 Defendants were aware of a safety risk which they ignored.

11       Plaintiff will be provided an opportunity to amend his Claim I.

12     **B.**     **Claim II – Grievance Process**

13       Prisoners have no stand-alone due process rights related to the administrative
14 grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.
15 Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling
16 inmates to a specific grievance process).  Because there is no right to any particular grievance
17 process, it is impossible for due process to have been violated by ignoring or failing to properly
18 process grievances.   Numerous district courts in this circuit have reached the same conclusion.
19 See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly
20 process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863
21 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address
22 grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL
23 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process
24 a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967
25 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function
26 properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment
27 right to petition the government through the prison grievance process.  See Bradley v. Hall, 64
28 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in

certain circumstances, implicate the First Amendment.

Here, Plaintiff appears to allege that unnamed prison officials failed to properly address his inmate grievances concerning his placement in the general population. This allegation fails to state a cognizable claim. To the extent Plaintiff alleges interference with the grievance process thwarted his ability to present his claim, such a contention is belied by Plaintiff's allegation that he was able to exhaust his administrative remedies for the claims raised in this lawsuit.

Additionally, Plaintiff fails to link his allegations in Claim II to either named defendant. Neither is mentioned in Claim II. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff will be provided an opportunity to amend his Claim II.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated:  August 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE