IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LATU,<br><br>        Plaintiff,<br><br>   v.<br><br>R. McFADDEN, et al.,<br><br>        Defendants. | No.  2:20-CV-1518-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 22, for preliminary injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

1  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
2  interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot,
3  however, issue an order against individuals who are not parties to the action. See Zenith Radio
4  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking
5  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
6  prison renders the request for injunctive relief moot, unless there is some evidence of an
7  expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);
8  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).
9        Plaintiff seeks an order precluding his transfer to another prison. See ECF No. 22.
10 Plaintiff states that he fears placement in a general population setting, contending that such
11 placement would present a safety risk because he has been convicted of a sex offense. See id. at
12 2. The Court does not at this time find injunctive relief is warranted. First, as explained in the
13 accompany order addressing Plaintiff's first amended complaint, Plaintiff has not yet pleaded
14 sufficient facts to state cognizable claims. Plaintiff thus has not demonstrated any likelihood of
15 success on the merits. Further, the injury Plaintiff fears is speculative at best. While Plaintiff has
16 been convicted of a sex offense, and recognizing that placement in general population where
17 Plaintiff's conviction offense is known to other inmates could present a safety risk, it is uncertain
18 whether Plaintiff will be placed in general population upon transfer or that general population
19 inmates at his new institution know of Plaintiff's conviction offense.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion for preliminary injunctive relief, ECF No. 22, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE