IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LATU, | No. 2:20-CV-1518-WBS-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| B. HOLMES, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel discovery, to appoint counsel, and for an extension of time. <u>See</u> ECF No. 58.

        Turning first to Plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>See</u> <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th

1

1  Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to
2  most prisoners, such as lack of legal education and limited law library access, do not establish
3  exceptional circumstances that would warrant a request for voluntary assistance of counsel.
4         Plaintiff argues that the Court should appoint counsel because he does not speak
5  English well, because he is not an attorney, and because it is not receiving any legal assistance.
6  See ECF No. 58.  The Court does not find that these circumstances are exceptional.  Further, the
7  record in this case reflects that, despite proceeding pro se, Plaintiff has been able to articulate his
8  claims.  The Court also finds that Plaintiff's claim in this case, which asserts that Defendants
9  violated his constitution rights by failing to provide adequate protection, is not factually or legally
10 complex.
11        Plaintiff's motion also seeks to compel Defendants to provide discovery.  See ECF
12 No. 58.  This request is defective for two reasons.  First, it is not a motion to compel in the sense
13 that discovery requests were served, responses served, and Plaintiff is objecting to the sufficiency
14 of responses.  Instead, Plaintiff's motion appears to be a discovery request directly to the Court.
15 Second, Plaintiff's motion is untimely because it was filed on July 18, 2025 – long after the close
16 of discovery in 2024.  See ECF NO. 44 (scheduling order).  To the extent Plaintiff seeks to re-
17 open discovery, that request will be denied for the same reason.
18        Finally, Plaintiff's motion seeks an extension of time to file an opposition to
19 Defendants' pending motion for summary judgment.  See ECF No. 58.  This request will be
20 denied.  The docket reflects that Defendants' motion for summary judgment was filed on January
21 9, 2025.  See ECF No. 51.  A few days after Plaintiff's opposition was due, Plaintiff moved for an
22 extension of time on February 14, 2025.  See ECF No. 52.  Defendants did not oppose, see ECF
23 No. 53, and the Court granted a 30-day extension of time on May 12, 2025, see ECF No. 54.
24 Plaintiff sought a second extension of 60 days on May 27, 2025.  See ECF No. 55.  The Court
25 granted this request in part on June 3, 2025, providing Plaintiff an additional 30 days from the
26 date of the order to file an opposition brief.  See ECF No. 56.  As of July 14 – more than 30 days
27 after the June 3, 2025, order – Plaintiff had not filed any opposition to Defendants' motion for
28 summary judgment.  Now, again after expiration of the time provided to file and serve an

opposition brief, Plaintiff again seeks an extension of time. <u>See</u> ECF No. 58. Having already been provided numerous extensions of time since Defendants' motion was filed in January 2025, the Court declines to provide further extensions particularly where, as here, the request is made after expiration of the applicable deadline.

The Court will address Defendants' motion for summary judgment by separate findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 58, is DENIED as to all requests for relief.

Dated: August 13, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3